UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **AYMAN SALEH,** *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>**KHALIFA BIN ZAYED AL NAHYAN,** *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CA No. 1:20-cv-1168-ABJ<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSED MOTION FOR MISCELLANEOUS RELIEF**

COME NOW the Plaintiffs named herein and ask this court to direct that Defendants in the above captioned case have been effectively served. Or, in the alternative, Plaintiffs ask the Court to order attorneys who have entered an appearance in the case to accept service on behalf of their Defendant clients.

Plaintiffs believe they have satisfied those conditions that the Court—and relevant case law-- deem necessary to comply with fundamental due process and which affords the Defendants ample time to respond. Plaintiffs believe they have done what is required by the law to effectuate service on these Defendants.

In this filing, and in the previous filing (ECF 23), Plaintiffs have chronicled the history and description of their good faith efforts at service and the conduct of the Defendants in response. It appears that the Defendants have evaded proper service, numerous times.

**I Plaintiffs Have Asked Defendants to Accept Service**

In response to the Court's minute order of April 28, 2021 vacating the Court's Order to Show Cause, and in the interest of judicial economy and reducing attorney's fees, Plaintiff's counsel emailed attorney Anthony Pierce, who has entered an appearance in the case on behalf of

1

Defendants Khalifa Bin Zayed Al Nahyan, Mohammed Bin Zayed Al Nahyan, and Darkmatter. In his email, undersigned counsel asked Attorney Pierce if, in light of the Court's April 28, 2021 minute order, he would accept service for those Defendants.

On April 29, 2021 Attorney Julius Chen, on behalf of Attorney Pierce's office, called Counsel's office and said that they would not accept service because they were not "obligated to" do so.

In accordance with Local Court LCvR 7(m) Plaintiff's counsel conferred with Attorney Chen to advise him of this motion, seeking his consent or opposition. In an email on April 30, 2021 Attorney Chen said Defendants would oppose this motion.

**II Defendants Have Evaded Service Numerous Times**

Plaintiffs have endeavored to serve Defendants President Khalifa bin Zayed Al Nahyan and Sheikh Mohammed bin Zayed Al Nahyan to no avail. Plaintiffs have tried diligently to afford the Defendants due process in terms of sufficient notice of suit.

Plaintiffs asked the court to approve alternative service on June 24, 2020 (ECF 3). The Court approved the methods outlined in the request in a minute order on July 30, 2020. In accordance with that order, Plaintiffs completed two of the approved methods, but were unsuccessful in executing alternative method 2 as described below.

Plaintiffs have faced difficulty in completing service of process for "alternative method of service #2- By USPS International Certified Mail on Defendants Khalifa bin Zayed Al Nahyan and Mohammed bin Zayed Al Nahyan at their office located on Crown Prince Court, King Abdullah Bin Abdulaziz Al Saud Street, P.O. Box: 124, Abu Dhabi, UAE." The Plaintiffs tried twice to send the summonses and complaints to Defendants Khalifa bin Zayed Al Nahyan and Mohammed bin Zayed Al Nahyan at their office located in Abu Dhabi, UAE. Both times the packages were sent by FedEx, and both attempts were rejected by the recipients. The first attempt to serve the defendants by USPS mail was on September 10, 2020. The package was

2

rejected by the recipient on Sunday, September 13 at 12:39 PM and was returned to sender in Washington, DC. The Plaintiffs tried for a second time to send the summonses and complaints to the office of the defendants on October 5, 2020 (ECF 12). The package was rejected for a second time on October 7, 2020 at 12:55 PM and was returned to the Plaintiffs' counsel in Washington, DC. The corresponding tracking information was provided for both attempts.

While alternative method of service #2 was unsuccessful as described above, the other two approved alternative methods of service were completed. Those other alternative methods of service are: "By substitute service on the UAE Ambassador, Yousef Al Otaiba, in Washington, D.C. at the address of 3522 International Court NW, Suite 400, Washington D.C. 20008 for Khalifa bin Zayed Al Nahyan, Mohammed bin Zayed Al Nahyan and DarkMatter," and "By USPS Certified Mail on all defendants on the UAE Ambassador, Yousef Al Otaiba at the Embassy of the UAE at the address of 3522 International Court NW, Suite 400, Washington D.C. 20008." Corresponding USPS domestic tracking information was filed with the court in ECF 12 and ECF 13.[1]

Failure to complete alternative methods of service #2 was because the recipients continually rejected service. Plaintiffs' counsel believes that Defendants President Khalifa bin Zayed Al Nahyan and Sheikh Mohammed bin Zayed Al Nahyan were likely informed about the lawsuit through the UAE Ambassador to the U.S., Yousef Al Otaiba or their attorneys who have entered an appearance in the case.

**III Relevant Federal Rules and Applicable Case Law Support the Plaintiffs' Requested Remedy**

Plaintiffs draw the Court's attention to FED. R. CIV. P. 4(k)(2) which permits a federal court to exercise personal jurisdiction over a defendant (1) for a claim arising under federal law,

---

[1] Additional proof of service documents were filed with the Court in Plaintiff's response to Order to Show Cause (ECF 23) attached as Exhibit A-F to that fling.

3

(2) where a summons has been served, (3) if the defendant is not subject to the jurisdiction of any single state court, (4) provided that the exercise of federal jurisdiction is consistent with the Constitution (and laws) of the United States. *Mwani v. Osama Bin Laden*, 368 U.S. App. D.C. 1, 10, 417 F.3d 1, 10 (D.C. Cir. 2005).

The Court had subject matter jurisdiction because the Foreign Sovereign Immunities Act (FSIA) does not apply to individual defendants like Mohamed Bin Zayed, who, despite being a member of the Royal family, is not a head of state. (See *Khaled Al Hassen v. Sheikh Khalifa Bin Zayed Al Nahyan*, No. CV 09-1106-DMG 2013 Mar. 22, 2013 wherein District Court, Judge Dolly M. Gee[2] ruled that while Mohamed Bin Zayed was a member of the Royal family, he was not a head of state under the FSIA.)

This Court has personal jurisdiction over Mohamed, applying a three-part test under FRCP 4(k)(2) (supra) the federal long arm statute. To prevail under that statute, a party must prove three things: a) the claim against the defendant arises under federal law; b) the defendant is not subject to the personal jurisdiction of any state or court of general jurisdiction; and c) the federal courts exercise of personal jurisdiction comports with due process. See *Mwani* (supra).

The instant case meets each of those criteria: a) Plaintiffs' claim arises under federal law because the TVPA is a federal statute; b) Defendant Mohamed Bin Zayed is not subject to personal jurisdiction of any state court of general jurisdiction; and c) the due process analysis pursuant to the third Rule 4(k)(2) factor is satisfied if the Defendants are properly served.

**IV Courts Reject A Strategy of Clear Evasion where Plaintiffs have diligently pursued Service in Good Faith**

Plaintiffs' efforts are similar to those discussed in *Ali v. Mid-Atlantic Settlement Servs.*, 233 F.R.D. 32, 36 (D.D.C. 2006), where the D.C. Circuit stated: "The service of process is not a

---

[2] Judge Gee is a Judge in the U.S. District Court for the Central District of California.

4

game of hide and seek. Where service is repeatedly effected in accordance with the applicable rules of civil procedure and in a manner reasonably calculated to notify the defendant of the institution of an action against him, the defendant cannot claim that the court has no authority to act when he has willfully evaded the service of process." *Ali* at 36. These Defendants have also evaded service and should be held accountable for doing so.

There is precedent for considering that a party has been served, particularly when his attorneys have entered an appearance, as they have in the instant case, and have argued that the Court lacks jurisdiction for lack of proper service. As this Court knows, the purpose of service is to ensure defendants due process rights are not infringed upon and to ensure that party knows he is being sued.

The U.S. Supreme Court, back in 1950, discussed the due process requirements of service in *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 307, 70 S. Ct. 652, 654 (1950). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 307, 70 S. Ct. 652, 654 (1950).

Trial Courts have authorized a wide variety of alternative methods of service on foreign business entities, including service by delivery to the defendant's attorney. See *Forum Fin. Grp. v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22 (D. Me. 2001). This case is analogous to *Forum*.

The D.C. Court of Appeals addressed evading service in *Avianca, Inc. v. Corriea*, Civil Action No. 85-3277 (RCL), 1991 U.S. Dist. LEXIS 7447, at *8-9 (May 31, 1991), where the Defendant had repeatedly evaded service—as have the Defendants in this case.

The Court stated, in language that also describes the current circumstances, "The court finds it difficult to believe that [Defendants'] lawyers have never informed defendant that plaintiffs have been attempting to effect service…Given these facts, the court finds that the manner of service…was reasonably calculated to give the defendant actual notice of the lawsuit and that defendant's due process rights have not been violated." (*Avianca* at 8-9)

A Florida Court assessed similar circumstances. "This is not a case where the letter was returned marked 'unclaimed' or 'moved--left no address,' giving rise to the plausible inference that the defendant was not at the posted address…" *Cortez Dev. Co. v. N.Y. Capital Grp., Inc.*, 401 So. 2d 1163, 1165 (Fla. Dist. Ct. App. 1981) "Instead, the letter was marked "*REFUSED*," which, combined with evidence pointing to [the Defendant] being at the address to which the letter was sent…supports the inference that the return of the letter is chargeable to [the Defendants.]

In this case the "letter" was sent both to the UAE Foreign Ministry in Abu Dhabi and the UAE Embassy in Washington and delivery was "*refused*."

One reasonable inference is that "refuse" means someone who had apparent authority to inform the recipient, or his representative, of the arrival of the package told him to sign "**refused. A** gatekeeper would not just sign "*refuse*" on his own.

## CONCLUSION

Plaintiffs named herein and ask this court to direct that Defendants in the above captioned case have been effectively served.

In the alternative, Plaintiffs ask the Court to order attorneys who have entered an appearance for Defendants to accept service for those Defendants.

Respectfully submitted,
*/s/ Martin F. McMahon*
Martin F. McMahon, Esquire
1717 K Street NW- Suite 900
Washington, DC 20007
202-862-4343
mm@martinmcmahonlaw.com

CERTIFICATE OF SERVICE

I certify that on May 6, 2021, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice, including defense counsel.

*/s/ Martin F. McMahon*

Martin F. McMahon, Esq.