UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYMAN SALEH, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 20-1168 (ABJ) |
| KHALIFA BIN ZAYED AL NAHYAN *President*, *et al.*, | ) |
| Defendants. | ) |

## ORDER

On May 5, 2020, plaintiffs Ayman Saleh and Linda Saleh filed this action seeking damages under "the Alien Tort Statute[,] 28 U.S.C. § 1350, the Torture Victim Protection Act Statute[,] 28 U.S.C. § 1350, 106 Stat. 73, the Fourth Geneva Convention, President Lincoln's 1863 Lieber Code, the Law of Nation's clause in the United States Constitution, the bilateral treaty between the [United Arab Emirates ("UAE")] and the [United States], and various international human rights conventions" for the alleged kidnapping and assault of Ayman Saleh in Abu Dhabi in October 2015. Compl. [Dkt. # 1] ¶ 1. They brought the case against four defendants: the UAE; the UAE-based cybersecurity company DarkMatter; the current President of the UAE, Sheikh Khalifa bin Zayed Al Nahyan ("the President"); and the Crown Prince and Deputy Supreme Commander of the UAE Armed Forces, Sheikh Mohammed bin Zayed Al Nahyan ("the Crown Prince"). *Id.* ¶¶ 8–11.

Plaintiffs' level of attention to this matter has been inconsistent. On June 24, 2020, plaintiffs filed their first motion for alternative methods of service, seeking permission to effectuate service by alternative means on the President, the Crown Prince, and DarkMatter.

Pls.' Req. for Service by Alternative Methods [Dkt. # 3] ("Req.").[1]  On July 30, 2020, the Court granted the motion and ordered that "[p]laintiff[s] . . . utilize all of the proposed methods contained in [their] request," including service:  (1) on the UAE Ambassador in Washington, DC; (2) by international certified mail at the Crown Prince and the President's office in Abu Dhabi; and (3) by certified mail on the UAE Ambassador at the UAE Embassy in Washington, DC. Min. Order (July 30, 2020).

When nothing further had been filed by December 3, 2020, the Court ordered plaintiffs to show cause why the case should not be dismissed for want of prosecution, [Dkt. # 15], and plaintiffs again moved for the Court's assistance with service of process on the individual defendants, the President and Crown Prince.  Pls.' Mot. for Assistance with Service [Dkt. # 19] ("Mot. for Assistance").  But plaintiffs did not invoke any particular section of Federal Rule of Civil Procedure 4, and they did not supply a proposed order in accordance with the Local Rules. *See* LCvR 7(c) ("Each motion and opposition shall be accompanied by a proposed order.").

---

[1]     Defendant DarkMatter was served on October 19, 2020.  *See* Return of Service [Dkt. # 11].

Therefore, the Court ordered plaintiffs to supply additional information to enable it to rule on the request:

> Under Federal Rule of Civil Procedure 4(f)(2)(C)(ii), plaintiffs may serve a defendant in a foreign country "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt" so long as there is no internationally agreed means of service. Federal Rule of Civil Procedure 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Plaintiffs are hereby ORDERED to clarify their motion to specify whether they are seeking permission to serve the defendants through a form of mail that the clerk addresses that would require a signed receipt, and if so, to identify the form of mail requested, or, if they are seeking to effect service themselves, to provide more information about the intended means.

Min. Order (Jan. 4, 2021).[2]

Plaintiffs failed to supplement their motion, and they took no other action in the case, so on April 13, 2021, the Court again ordered plaintiffs to show cause why the case should not be dismissed for want of prosecution. [Dkt. # 22]. Plaintiffs responded by detailing their efforts to accomplish service, [Dkt. # 23], and the Court vacated the order to show cause, ordering plaintiffs to file proof of service or a motion for extension of time by June 14, 2021. Min. Order (Apr. 28, 2021). Since once again, though, plaintiffs failed to specify the mode of service they wished to employ and the authority for proceeding in that manner, the Court added that "if plaintiffs seek the Court's approval of a particular alternative means of service, they may file a motion citing the relevant points and authorities and attaching a proposed order." *Id.*

On May 6, 2021, plaintiffs filed another motion for alternative service, asking the Court to find that defendants President Khalifa bin Zayed Al Nahyan and Sheikh Mohammed bin Zayed Al

---

2   Plaintiffs failed to respond to the Court's January 4, 2021 Order, and they did not specifically address the Court's concerns regarding the intended means of service in later submissions. *See* Pls.' Resp. to Order to Show Cause [Dkt. # 23] ("Resp.").

Nahyan have been effectively served through plaintiffs' previous efforts, or in the alternative, to order the attorneys who have entered appearances for the individual defendants to accept service on their behalf. *See* Pls.' Mot. for Alternative Service [Dkt. # 24] ("Mot.") at 1.[3]

Counsel for the President and Crown Prince have entered an appearance for the limited purpose of contesting whether service has been perfected, *see* Defs.' Opp. to Pls.' Mot. for Relief [Dkt. # 26] ("Opp."); plaintiffs have replied, Pls.' Reply [Dkt. # 27]; and the matter is fully briefed.

## LEGAL STANDARD

When sufficiency of service is challenged, the plaintiff bears the burden of demonstrating "that the procedure employed to deliver the papers satisfies the requirements of the relevant portions of Rule 4." *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012), quoting Wright, Federal Practice and Procedure § 1803 (3d ed. 2002 & Supp. 2012); *see also Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) ("[T]he party on whose behalf service is made has the burden of establishing its validity when challenged.") (citation omitted). This is so even if the defendant has actual notice of the lawsuit, because notice cannot cure an otherwise defective service. *See Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("[B]efore a federal court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons."); *see also Freedom Watch, Inc. v. OPEC*, 766 F.3d 74, 81 (D.C. Cir. 2014) (rejecting plaintiff's argument that service was proper because defendant "gained actual notice of the action, as evidenced by [its] participation in the litigation") (citation omitted).

---

3     This renders plaintiffs' previous, incomplete motion for alternative service, [Dkt. #19], moot.

Federal courts lack the power to assert personal jurisdiction over a defendant unless the procedural requirements of service of process are satisfied.  *Omni Capital*, 484 U.S. at 104; *see also Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002).  "Service is therefore not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit.'"  *Mann*, 681 F.3d at 372, quoting *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992).

If a plaintiff does not meet this burden, the Court may dismiss the complaint without prejudice for insufficient service of process.  *See* Fed. R. Civ. P. 12(b)(5); *see also Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) (recognizing that the district court had the authority to dismiss certain claims without prejudice due to insufficiency of service of process).

## ANALYSIS

Service on a foreign individual is governed by Federal Rule of Civil Procedure 4(f):

> Serving an Individual in a Foreign Country:  Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . .
>
>> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>>
>> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>
>>> (A) as prescribed by the foreign country's law for service in that country in an action in its court of general jurisdiction . . . or

>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Service under Federal Rule of Civil Procedure 4(f)(1) is unavailable because there is no "internationally agreed means of service" between the United States and the UAE. *See* U.S. Dep't of State, *United Arab Emirates Judicial Assistance Information*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/UnitedArabEmirates.html (last updated Mar. 23, 2018) (explaining that the UAE is not a party to the Hague Service Convention or the Inter-American Convention on Letters Rogatory). Therefore, service of the individual foreign defendants is governed by the requirements of Rule 4(f)(2) or (f)(3). *See* Fed. R. Civ. P 4(f).

## I.    Plaintiffs have failed to show that service pursuant to Rule 4(f)(2) to date was effective.

Plaintiffs ask the Court to hold that service was effective. *See* Mot. at 1 ("Plaintiffs believe they have done what is required by the law to effectuate service on these Defendants."). Plaintiffs attempted to serve defendants by mail, first on September 10, 2020, and again on October 7, 2020,

after the Court approved it as a method of service.[4] *See* Mot. for Assistance at 1–2. Plaintiffs have the burden of demonstrating that service was accomplished in this manner, and that the procedure satisfied the requirements of Rule 4(f)(2). *See Hilska v. Jones*, 217 F.R.D. 16, 23 (D.D.C. 2003) ("Plaintiff has failed to carry his burden of establishing that he properly effected service on defendant [pursuant to Rule 4(f)(2)].") (citation omitted).

Plaintiffs' showing is insufficient to enable the Court to conclude that service has already been effected in accordance with Rule 4(f)(2). Both times, according to the FedEx tracking information supplied by plaintiffs, the summons and complaint were "refused by recipient" at the UAE office of the President and Crown Prince, and they were returned undelivered. Resp. at 3; *see also* Exs. D–F to Resp. at 17–28.

Moreover, given defendants' challenge to the service method employed, it falls to plaintiffs to establish that the method of service utilized was not "prohibited by the foreign country's law," Fed. R. Civ. P. 4(f)(2)(C), and plaintiffs have made no showing in this regard. *See Light*, 816 F.2d at 751 (stating that the "party on whose behalf service is made has the burden of establishing its validity when challenged," including "demonstrate[ing] that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law"). Therefore, the Court finds that plaintiffs' efforts to serve the individual defendants to date have been insufficient to satisfy Rule 4(f)(2).

---

4     The first and fourth methods of alternative service were used to serve the UAE Ambassador to the United States on September 8, 2020. The third method of alternative service does not bear on the instant motion, as it was used for service on defendant DarkMatter.

### II. Plaintiffs may serve defendants' counsel of record pursuant to Rule 4(f)(3).

Plaintiffs move the Court in the alternative under Rule 4(f)(3) to order counsel for defendants to accept service on their behalf. *See* Mot. at 7. Plaintiffs asked the attorneys for defendants if they would do so voluntarily, but counsel declined.[5]

Under Rule 4(f)(3), a plaintiff "must affirmatively seek and obtain the district court's authorization for a particular means of service." *Freedom Watch*, 766 F.3d at 80. "Generally, under the Federal Rules of Civil Procedure and the applicable local rules, a party seeking a district court order would file a motion and include a proposed order apprising the court of its request and specifying the relief sought." *Id.* at 81. Once that requirement has been met, the rule is open-ended regarding acceptable methods of service; it is allowed "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). As another court in this district has observed, the rule was adopted "to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Kaplan v. Hezbollah*, 715 F. Supp. 2d 165, 166 (D.D.C. 2010) (internal edits and citation omitted).

In *Freedom Watch*, the D.C. Circuit found that a district court abused its discretion when it denied the plaintiff's request to serve OPEC through its United States counsel. 766 F.3d at 82–83. It observed that "[a] number of courts . . . have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the

---

5   *See* Mot. at 1–2. ("Plaintiff's [sic] counsel emailed attorney Anthony Pierce, who has entered an appearance in the case on behalf of Defendants Khalifa Bin Zayed Al Nahyan [and] Mohammed Bin Zayed Al Nahyan . . . . In his email, undersigned counsel asked Attorney Pierce if, in light of the Court's April 28, 2021 minute order, he would accept service for those Defendants. On April 29, 2021 Attorney Julius Chen, on behalf of Attorney Pierce's office, called Counsel's office and said that they would not accept service because they were not 'obligated to' do so.").

defendant for the recipient to accept service on its behalf," *id.* at 83, and it explained that the proposal would not be inconsistent with Rule 4(f). *Id.* "[W]hen a court orders service on a foreign entity through its counsel in the United States [under Rule 4(f)(3)], the attorney functions as a mechanism to transmit the service to its intended recipient abroad." *Id.* at 84. Thereafter, in *Bazarian Int'l Fin. Assocs., LLC v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 14–15 (D.D.C. 2016), another court in this district held that "permitting service of a foreign individual or corporation through retained United States counsel does not run afoul of the rule's application to individuals and corporations, located in foreign countries, where service will be completed."

Given the guidance provided by the Court of Appeals in *Freedom Watch*, the Court finds the reasoning in *Bazarian Int'l* to be persuasive. Moreover, this method also satisfies the constitutional standards of due process because it is "reasonably calculated, under all circumstances, to apprise [defendants] of the pendency of the action and afford [them] an opportunity to present [their] objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Defendants do not specifically address the proposal to effect service through counsel, although they submit that it would be inappropriate to apply principles derived from cases involving "foreign business entities" to them. *See* Opp. at 3.[6] Defendants insist that plaintiffs' motion implicates important issues of sovereignty that were not present in the precedents cited, and therefore, the methods proposed by plaintiffs are inadequate. Opp. at 3.

---

6   This may not be a fair characterization of the "intergovernmental organization whose membership consists of twelve petroleum-exporting nations" involved in *Freedom Watch.* 766 F.3d at 77.

But defendants' arguments only serve to highlight plaintiffs' dilemma.  First, defendants invoke the Hague Service Convention in support of their contention that "[s]ervice on foreign officials cannot be divorced from sovereignty and international comity concerns." Opp. at 2.  They state, "for example, the U.S. government has indicated that foreign plaintiffs must use different modalities to effect 'service on private individuals' and 'service on the United States Government itself, which includes its officials.'  Notification Pursuant to Article 31 of the Convention (Jan. 28, 2020)." *Id.* at 2–3.  But defendants have little standing to complain about adherence to a Convention they have declined to sign.  Similarly, they submit that, "[e]ven where a treaty between nations is not in place, 'service on the U.S. Government is only proper when transmitted through diplomatic channels.'" *Id.* at 3, quoting U.S. Dep't of Justice, Service of Judicial Documents on the United States Government Pursuant to the Hague Service Convention 2 (Jan. 12, 2018).  But plaintiffs' efforts to serve the foreign leaders through their embassy in the United States were also rebuffed.[7]

Here, given the language of Rule 4(f) as interpreted in *Freedom Watch*, defendants' apparent refusal to accept court documents transmitted through the methods approved by the Court, and the fact that defendants do appear to have actual notice of the pendency of these proceedings given their retention of counsel,[8] the Court finds in its discretion that plaintiffs may accomplish service by serving defendants' counsel in the United States.

---

7   Defendants cite cases holding that given diplomatic immunity, an ambassador is not subject to service of process, Opp. at 3–4, but those precedents are not on point.  Plaintiffs were not seeking to serve process on an ambassador against his will; they were trying to utilize diplomatic channels to transmit court documents to foreign leaders abroad.

8   *See, e.g.*, *Hashem v. Shabi*, 2018 WL 3382913, at *6 (D.D.C. Apr. 26, 2018); *see also Juniper Networks, Inc. v. Bahattab*, 2008 WL 250584, at *1 (D.D.C. Jan. 30, 2008) (service by email appropriate when there was evidence of notice through retention of counsel by defendant).

Finally, the Court notes that both plaintiffs and defendants have used this briefing opportunity to discuss whether the Court has personal jurisdiction over the defendants, whether the individual defendants are immune from suit, and whether there are other legal or procedural bars to plaintiffs' claims. But those questions are premature and cannot be raised by the Court *sua sponte*. While service must be accomplished pursuant to Rule 4 before the Court can exercise personal jurisdiction over the individual defendants, *see Mann*, 681 F.3d at 372, the inquiries are distinct, and this ruling is without prejudice to any future motions filed pursuant to Federal Rule of Civil Procedure 12.

## CONCLUSION

Therefore, for the reasons stated above, it is **ORDERED** that plaintiffs' motion for assistance with service of process, [Dkt. # 19], is **DENIED** as moot, and the motion for alternative service, [Dkt. # 24], is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs may effect service of the complaint and summons in this matter on defendants' counsel of record, Anthony Tobias Pierce and Ze-wen Julius Chen, of the law firm Akin Gump Strauss Hauer & Feld LLP, and they must file proof of service within thirty days of the entry of appearance of replacement counsel or the docketing of a notice that plaintiffs intend to proceed *pro se*. *See* Min. Order (July 13, 2021).

_____
AMY BERMAN JACKSON
United States District Judge

DATE: July 16, 2021